Matter of Community United to Protect Theodore Roosevelt Park v City of New York (2019 NY Slip Op 02965)





Matter of Community United to Protect Theodore Roosevelt Park v City of New York


2019 NY Slip Op 02965


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9031 152354/18

[*1]In re Community United to Protect Theodore Roosevelt Park, et al., Petitioners-Appellants,
v
City of New York, et al., Respondents-Respondents.


Hiller, PC, New York (Michael S. Hiller of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for City of New York, The New York City Department of Parks and Recreation and Mitchell J. Silver, respondents.
Sive, Paget & Riesel P.C., New York (David Paget of counsel), for The American Museum of Natural History, respondent.



Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered December 10, 2018, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking to vacate the New York City Department of Parks and Recreation's (Parks Department) determinations, dated December 4, 2017 (Letter and Statement of Findings approving the construction of an addition to the Museum of Natural History - the Gilder Center) and April 25, 2018 (letter approving modifications to the Gilder Center project), unanimously affirmed, without costs.
Petitioners challenge the Parks Department's (the lead agency) determination on the ground that no Uniform Land-Use Review Procedure (ULURP) was conducted, and that Parks Department allegedly failed to take a "hard look" at the hazardous materials involved in the project, and the construction noise, in violation of the State Environmental Quality Review Act (SEQRA) and the City Environmental Quality Review (CEQR).
The court properly found that no ULURP was required, either under NY City Charter § 197-C(a)(5) or (10), as there was no "site selection for capital projects" or a disposition of city property involved in this case. The disposition of the city property to the Museum of Natural History for the original building and future buildings to be erected in the area now known as Theodore Roosevelt Park, and the selection of the site for the Museum's expansions occurred more than 100 years ago, pursuant to statute (L 1876, ch 139, § 2) and the subsequent lease entered into between the City and the Museum in 1877 (see Matter of Tuck v Heckscher, 29 NY2d 288 [1971] [discussing identical circumstances relating to the Metropolitan Museum of Art]; Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d 28, 30-31 [1st Dept 2005]; Community Alliance For Responsible Dev., Inc. v American Museum of Natural History Planetarium Auth., 1997 WL 34848975 [Sup Ct, NY County 1997]).
The court also properly found that petitioners have failed to demonstrate that the Parks Department's SEQRA/CEQR determination was not made in accordance with lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [2012]). "[I]t is not the role of the court to weigh the desirability of the proposed action, choose among alternatives, resolve disagreements among experts, or substitute its judgment for that of the agency" (Matter of Fisher v Giuliani, 280 AD2d 13, 19-20 [1st Dept 2001]). Here, the hazardous vapors cited by petitioners did not violate any code or standard, and the Final Environmental Impact Statement (FEIS) articulated reasonable mitigation plans for toxins located at the project site. Similarly, the [*2]record demonstrates that the Parks Department took a "hard look" at the noise which would ensue during construction, and despite finding no significant adverse impact, reasonably proposed actions to mitigate that noise.
We have examined petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK